UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AFFILIATE MERCHANDISING ) <br> GROUP, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPIRIT CLOTHING CO., INC., ) <br> ) <br> Defendant. ) | Case No. 4:13CV00286 AGF |

## MEMORANDUM AND ORDER

This declaratory judgment action is before the Court on the motion of Defendant Spirit Clothing Company, Inc. ("Spirit") to dismiss the case in light of a suit Defendant filed against Plaintiff Affiliate Merchandising Group, LLC ("Affiliate") for trademark infringement, now pending in the District Court for the Central District of California. For the reasons set forth below, the motion to dismiss shall be granted, with said dismissal to be without prejudice with respect to the merits of the action.

Spirit filed this action one business day before Affiliate filed its action in the District Court in California. In cases of concurrent jurisdiction, it is well established that "the first court in which jurisdiction attaches has priority to consider the case." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (citing *Orthmann & Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir.1985)). The first-filed rule is not, however, a rigid, mechanical, or inflexible rule; instead, the rule should be applied in a manner that best serves the interests of justice. *Id*. "Compelling" reasons exist not to apply the rule when certain "red flags" are present, such as when the party that is the first to file is on notice from the opposing party that litigation is imminent, and

the action that is filed first is an action for declaratory relief.  *Id.* at 1007.  Other factors relevant to the decision of whether to apply the first-filed rule may include the length of time between notification of the imminent litigation and the first-filed action, the ability of the first filing party to show that it was experiencing adverse effects in waiting for the notifying party to commence litigation, and whether the party that filed first acted in bad faith.  *Id.*; *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999); *Ralcorp Holdings, Inc. v. Frito-Lay N. Am., Inc.*, No. 1:12CV00018 JLH, 2012 WL 933137, at *1 (E.D. Ark. March 20, 2012).

      Here, the Court concludes, based upon the record, that the present action was filed in response to Spirit's threat of suit.  Although Affiiliate asserts that Spirit did not put Affiliate on notice that it would file suit, and even if it did, failed to follow through on that threat, the Court finds these assertions to be unsupported.  A review of the email exchanges and correspondence shows that Spirit advised Affiliate on January 25, 2013, of Spirit's assertion that Affiliate's "Costal Jersey" infringed its trademark.  Affiliate said it would discuss the matter internally "in the next few days" and get back to Spirit.  Spirit responded that it would wait to hear from Affiliate.  When there was no response by January 31, 2013, Spirit asked if Affiliate had reached a decision.  Affiliate responded that Affiliate's partners had not had sufficient time to speak, and "should have a firm answer for [Spirit] early next week."  When there was no response by Tuesday, February 5, 2013, Spirit advised that "[u]nless this is resolved by Wednesday, Feb. 6, (2pm PST) I will instruct my attorney to commence legal action for infringement . . . ."  (Doc. No. 7-2.)  This clearly put Affiliate on notice that suit would be filed (but did not state suit would be filed on that particular date, as Affiliate suggests).

      Affiliate responded with a letter from counsel on February 5, 2013, suggesting Spirit had

2

not identified what aspects of Affiliate's products infringe. On February 7, 2013, counsel for Spirit responded, providing further detail, and requesting a response to Spirit's demand that Affiliate cease marketing the infringing jersey "no later than February 15, 2013." Affiliate let the entire time period go by, and first responded on February 15, 2013, with a letter from counsel, in which counsel recited certain weaknesses in Spirit's claims. Counsel for Affiliate closed by stating that Affiliate was "within its rights to market the jersey and we consider this matter resolved. If you have any further questions regarding this matter, please contact me." (Doc. No. 7-5.) Affiliate's counsel did not, at any time, indicate an intention to file suit.

Nevertheless, on that same day, Friday, February 15, 2013 -- which was the deadline set by Spirit's counsel in its February 7, 2013 letter-- Affiliate filed the instant suit in this district. Spirit responded with its own suit in the Central District of California on the next court date, Tuesday, February 19, 2013.

Based on these exchanges, the Court concludes that Affiliate was on notice of Spirit's claims, that Affiliate delayed responding and took steps that caused Spirit reasonably to withhold action, and that Affiliate then filed its own declaratory judgment action on the very deadline set by Spirit, without prior notice or warning. Further, as noted above, the present action is just for declaratory judgment. Each of Affiliate's declaratory relief claims pertain to Spirit's claims of trademark infringement, false designation of origin, and unfair competition. The Court finds that on these facts, application of the first-filed rule would not best serve the interests of justice. *See Eveready Battery Co. Inc. v. L.P.I. Consumer Prods., In*c., 464 F. Supp. 2d 887, 892 (E.D. Mo. 2006) (granting motion to dismiss in similar circumstances).

3

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Spirit Clothing Company, Inc., to dismiss the case in light of the suit Defendant filed against Plaintiff Affiliate Merchandising Group, LLC, now pending in the District Court for the Central District of California, is **GRANTED, without prejudice** with respect to the merits of the action.   (Doc. No. 5.)

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of May, 2013.